UNITED STATES DISTRICT COURT         O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CASEY EDWARD LEE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-10-61 |
| | § | CRIMINAL CASE NO. L-08-1454 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Casey Edward Lee's ("Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Dkt. No. 1].[1] The Court has reviewed the Motion, the record, and governing law, and determined that Petitioner's Motion should be **DENIED**.

### I.  BACKGROUND

In September 2008, a federal grand jury in Laredo, Texas, returned an indictment charging Petitioner with transportation of an alien within the United States by means of a motor vehicle, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. [Cr. Dkt. No. 12]. Petitioner decided to forego trial and pled guilty to the charge before this Court. [Minute Entry for 10/15/2008]. The Court accepted Petitioner's plea and ordered the completion of a Pre-Sentence Investigation Report ("PSR").  The PSR provided information regarding five of Petitioner's previous convictions. With regard to three of these convictions, the PSR noted that Petitioner was arrested on September 23, 2003 for forgery of a financial instrument; that he was arrested on December 5 of the same year for forgery of a financial instrument; and that he was arrested on

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in civil case number L-10-61. "Cr. Dkt. No." will be used to refer to filings in criminal case number L-08-1454-1.

April 15, 2004 for burglary of a habitation with intent to commit theft. [PSR at 8-9]. Petitioner was sentenced for all three of these convictions on February 11, 2005. [*Id*.]. Based on these three convictions, Petitioner received seven criminal history points. [*Id*. at 10]. He received a total criminal history score of 13 points, and was thus placed in Criminal History Category VI. [*Id*.].

On January 22, 2009, Petitioner's case was reassigned to the Honorable Danny C. Reeves, and, on the same date, Petitioner appeared before Judge Reeves for sentencing. [Minute Entry for 1/22/2009]. During sentencing, Judge Reeves noted that Petitioner had an adjusted offense level of 16. [Cr. Dkt. No. 40 at 11-12]. Judge Reeves also explained that, as set forth in the PSR, Petitioner had 13 criminal history points, and would be placed in Criminal History Category VI. [*Id*. at 12]. Based on those calculations, Judge Reeves then stated that the guidelines range in the case was 41 to 51 months. [*Id*. at 12]. Next, Petitioner's counsel asked Judge Reeves to consider that Petitioner's sentences were combined on February 11, 2005. [*Id*. at 13-14]. After hearing from Petitioner, his counsel, and the Government, Judge Reeves imposed a 51-month sentence, which he described as a "mid-range sentence." [*Id*. at 20]. Judge Reeves explained that this sentence was "nine months lower than it would have been had [he] not listened to [Petitioner that day]." [*Id*.]. At the close of sentencing, Judge Reeves further explained as follows:

> [T]he Court was looking at a sentence of 60 months based upon [the §] 3553 factors and not the guidelines in this case. The guidelines are completely a minor part of the overall sentence in this matter. I departed for the reasons I stated from what I would have imposed in the case. But it would have been the Court's determination of a sentence at that term based upon the [§] 3553 factors . . . .

[*Id*. at 24].

Shortly thereafter, Petitioner filed a Notice of Appeal. [Cr. Dkt. No. 32]. On appeal,

Petitioner argued that Judge Reeves erred, in part, in adopting the PSR's criminal history category because he incorrectly assessed separate criminal history points for each of his three most-recent convictions. [Cr. Dkt. No. 51 at 5]. In support, Petitioner filed state-court documents to show that no intervening arrests separated the crimes and that, pursuant to section 4A1.2(a)(2) of the Sentencing Guidelines, they should have been counted as a single sentence.[2] [*Id.*]. According to Petitioner, he should thus have received only nine total criminal history points and a criminal history category of IV, resulting in an advisory guidelines range of 33 to 41 months. [*Id*. at 9]. Since his allocution prompted Judge Reeves to change his sentence from 60 months to 51 months, Petitioner further reasoned that a lower advisory range would have resulted in a lower sentence. [*Id*.].

On March 31, 2010, the Fifth Circuit affirmed Petitioner's sentence. [Cr. Dkt. No. 51]. As an initial matter, the Fifth Circuit noted that Petitioner did not object to the calculation of his criminal history category. [*Id*. at 4]. Conducting a plain-error review of Petitioner's sentence, the Fifth Circuit noted that Judge Reeves was clear that the sentence was not based on the advisory guidelines. [*Id*. at 9]. The Fifth Circuit found that Petitioner did not show that the alleged error affected his substantial rights; in other words, he did not show that he would have received a lesser sentence. [*Id*. at 8-9]. Because Petitioner could not show that a lower advisory range would have resulted in a lower sentence, the Fifth Circuit found that he could not establish prejudice. [*Id*. at 10]. Petitioner's sentence was thus affirmed. [*Id*. at 12].

On May 24, 2010, Petitioner filed the pending § 2255 Motion which contains two purported grounds for relief. [Dkt. No. 1]. First, Petitioner reiterates that he was incorrectly given separate criminal history points for his forgery and burglary convictions (his three most-

---

[2] In pertinent part, section 4A1.2(a)(2) provides, "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from the offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2).

3 / 8

recent convictions). [*Id*. at 5]. He contends that he received ineffective assistance of counsel because his counsel did not object to the PSR. [*Id*.]. Due to his counsel's ineffective assistance, Petitioner asserts that he was placed in the wrong criminal history category and consequently received more time. [*Id*.]. Secondly, Petitioner argues that Judge Reeves imposed an unreasonable sentence because he was placed in the wrong criminal history category. [*Id*. at 6].

## II. DISCUSSION

### A. Standard Governing § 2255 Claims

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories, including: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4(b).

### B. Ineffective Assistance of Counsel

Petitioner argues that he received ineffective assistance of counsel at sentencing, a claim of constitutional proportion. Under the two-prong test for a claim of ineffective assistance of counsel, Petitioner must show: (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984).  A reviewing court need not consider either prong of the test in any particular order.  *Id.* at 697.  There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and adequate assistance was rendered.  *Id.* at 689-90.  All significant decisions are presumed to be made "in the exercise of reasonable professional judgment."  *Id*.  There are few specific instances where a presumption of prejudice exists, but "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."  *Id*. at 692-93.

In essence, the grounds Petitioner presents in support of his ineffective assistance claim are the same as those presented in his appeal.  He may not relitigate issues raised and considered on appeal.  *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004) (noting that constitutional claim raised and rejected on direct appeal was properly barred from consideration on collateral review); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in [the Fifth Circuit] that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").  Nonetheless, to the extent these claims are now presented as ineffective assistance of counsel, the Court will briefly address them.

Petitioner argues that his counsel should have objected to the assessment of separate criminal history points for his forgery and burglary convictions.  According to Petitioner, since there were no interviewing arrests between these convictions and the sentence for each was imposed on the same date, he should have received only three criminal history points instead of seven.  Due to his counsel's performance, Petitioner argues that he was "placed in the wrong criminal history category and received more time."  [*Id*. at 4].  With regard to this issue, the Fifth

Circuit held that Petitioner could not prevail on appeal because he did not show that being placed in a lower advisory range would have resulted in a lower sentence.

For the same reason, Petitioner cannot satisfy the second prong of his ineffective assistance claim. Even assuming that his counsel's performance fell below an objective standard for his failure to object to the assessment of separate criminal history points for his forgery and burglary convictions, Petitioner cannot show prejudice. During sentencing, Judge Reeves clearly explained that Petitioner's sentence was not based on the advisory guidelines. Rather, Petitioner's sentence was based upon the § 3553 factors. Petitioner therefore cannot show that being placed in a lower advisory range would have resulted in a lower sentence. And Petitioner has presented no facts to show that, absent his counsel's failure to present an objection as to this issue, Judge Reeve's analysis of the § 3553 factors would have changed. Consequently, his ineffective assistance of counsel claim is without merit.

    **C.**    **Petitioner's Unreasonable Sentence Claim**

Aside from his ineffective assistance claim, Petitioner argues that his sentence was unreasonable. [Dkt. No. 1 at 6]. He also challenged the reasonableness of his sentence before the Fifth Circuit, arguing that Judge Reeves misapplied the guidelines, failed to consider the individual circumstances of the case, and relied too heavily on his criminal history. [Cr. Dkt. No. 1 at 11]. The Fifth Circuit concluded that, because Petitioner's 51-month sentence fell within the advisory guidelines range and Judge Reeves did not plainly err in calculating Petitioner's range, Petitioner's sentence benefited from the presumption of reasonableness. [*Id*. at 12].

Nevertheless, the Court notes that Petitioner's claim is not cognizable under § 2255. Compared with the argument Petitioner presented on appeal, he argues through his § 2255

Motion that his sentence was unreasonable because he was placed in the wrong criminal history category. [Dkt. No. 1 at 6]. In essence, this argument is an attack on Judge Reeves's application of the Sentencing Guidelines and is foreclosed by Fifth Circuit case law. Claims that the Court incorrectly applied provisions of the United States Sentencing Guidelines are not cognizable under 28 U.S.C. § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ( "Non-constitutional claims that could have been raised on direct appeal but were not may not be asserted in a collateral proceeding. . . . A district court's technical application of the Guidelines does not rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165 (1996); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Accordingly, the Court is precluded from considering Petitioner's attack on Judge Reeve's application of the guidelines.

### III. CONCLUSION

Because the claims presented in Petitioner's § 2255 Motion were considered and rejected on direct appeal, and for the other reasons stated above, Petitioner's Motion is **DISMISSED with prejudice**. [Dkt. No. 1]. Should he seek a certificate of appealability, such is **DENIED**.

Final Judgment shall issue under separate cover.

    IT IS SO ORDERED.

    DONE this 22nd day of June, 2010 in Laredo, Texas.

                                          _____
                                                  Micaela Alvarez
                                         UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**